**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

NAG, LTD., et al.                                              CIVIL ACTION

VERSUS                                                        NO. 16-16728

CERTAIN UNDERWRITERS AT                                        SECTION "G"(3)
LLOYDS OF LONDON

**ORDER**

This litigation arises out of Plaintiffs NAG, Ltd., Ben Sah, Inc., and Meir Chee Shawl,

Ltd.'s (collectively, "Plaintiffs") claims for breach of an insurance policy against Defendants

Certain Underwriters at Lloyd's, London Subscribing to Certificate No. LPS14-024

("Defendants").[1] Plaintiff originally filed this action in state court, but Defendants removed the

case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] Before the Court

is Plaintiffs' "Motion to Remand."[3] Having considered the motion, the notice of removal,

Defendants' supplemental briefing, the record, and the applicable law, the Court will grant the

motion in part and remand the case to the Civil District Court for the Parish of Orleans, State of

Louisiana.

**I. Background**

*A.    Factual and Procedural Background*

In this litigation, Plaintiffs allege a breach of a commercial property insurance policy by

Defendants, who are the underwriters of Plaintiffs' insurance policy.[4] Plaintiffs claim that their

---

[1] Rec. Doc. 1-2 at 4.

[2] Rec. Doc. 1.

[3] Rec. Doc. 6.

[4] Rec. Doc. 1-2 at 3.

1

insurance policy covered physical damage to two of their commercial properties following the collapse of an adjacent building on October 21, 2014.[5] In their state court petition, Plaintiffs seek damages for the losses they incurred, as well as penalties and attorney's fees pursuant to Louisiana Revised Statutes §§ 22:1973 and 22:1892.[6]

On October 11, 2016, Plaintiffs filed this action in Civil District Court for the Parish of Orleans, State of Louisiana.[7] On November 30, 2016, Defendants removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[8] In their notice of removal, Defendants allege that the citizenship of each defendant is diverse from Plaintiffs' citizenship and assert that Plaintiffs have alleged damages that exceed $75,000.[9] On December 22, 2016, the Court issued an Order reviewing subject matter jurisdiction in the case and determining that the citizenship of the parties was unclear and that it was not facially apparent that the amount in controversy exceeds $75,000.[10] The Court ordered that Defendants, who bear the burden of proof as the removing parties,[11] clarify the citizenship of the parties and submit evidence regarding the amount in controversy at the time of removal.[12] On December 22, 2016, Plaintiffs filed the instant

---

[5] *Id*. at 4.

[6] *Id*. at 5.

[7] *Id.*

[8] Rec. Doc. 1.

[9] *Id*. at 2–3.

[10] Rec. Doc. 7 at 3–5.

[11] *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (holding that the removing party must prove by a preponderance of evidence that the amount in controversy exceeds $75,000).

[12] Rec. Doc. 7 at 6.

motion to remand to state court.[13] Defendants filed supplemental briefing regarding the citizenship of the parties and the amount in controversy on January 5, 2017.[14]

**B.      Structure of Lloyd's of London Insurance Market**

Before turning to the parties' arguments, it is useful to explain the nature and structure of the Lloyd's of London insurance market ("Lloyd's"), because Lloyd's "presents a unique structure for jurisdictional analysis."[15] Lloyd's is not an insurance company, but rather a self-regulating entity which operates and controls an insurance market.[16] Lloyd's provides a market for the buying and selling of insurance risk among its members who collectively make up Certain Underwriters at Lloyd's.[17] The members (or investors) who collectively make up Lloyd's are called "Names" and are the individuals and corporations that finance the insurance market and ultimately insure risks.[18] Each Name is exposed to personal liability for his, her, or its proportionate share of the loss on a particular policy that the Name has subscribed to as an underwriter.[19]

Names do not operate independently. Rather, each is severally liable on the policies to which it subscribes only for his, her, or its proportion of each risk.[20] Typically, hundreds of Names will subscribe to a single policy.[21] Although Names do not actively participate in the business, they

---

[13] Rec. Doc. 6.

[14] Rec. Doc. 8.

[15] *McAuslin v. Grinnell Corp.*, Nos. 97-775, 97-803, 2000 WL 1059850, at *1 (E.D. La. Aug. 1, 2000) (Vance, J.) (citing *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998) (internal quotations omitted)).

[16] *Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853, 857 (5th Cir. 2003).

[17] *Id.* at 858.

[18] *Id.*

[19] *Id.*

[20] *Id. See also McAuslin*, 2000 WL 1059850, at *2.

[21] *Id.*

provide capital to the market through their participation in "syndicates."[22] Generally, a Lloyd's policy has multiple syndicates that are collectively responsible for all of the coverage provided by a policy.[23] A syndicate bears no liability for the risk on a Lloyd's policy, however, because all liability falls to the individual Names who belong to the various syndicates that have subscribed to a policy.[24]

## II. Parties' Arguments

### A.    *Defendants' Notice of Removal*

In their notice of removal, Defendants aver that Plaintiffs indicated in their petition that their damages exceed the $50,000 threshold required for a jury trial.[25] Given that the penalties could be as much as 50% of the amount awarded under the policy, Defendants argue, the amount in controversy will "more likely than not" exceed the $75,000 jurisdictional amount in controversy requirement.[26] Defendants also note that the combined policy limits for the buildings at issue are $1.3 million.[27]

Defendants assert in their notice of removal that Plaintiffs are "domestic corporations licensed to do and doing business in the Parish of Orleans, State of Louisiana."[28] Defendants represent that Lloyd's insurance market is a self-regulating industry that operates and controls an

---

[22] *Id.* These syndicates are commonly described as annual ventures because "[f]or a given operating year, a group of Names bands together to form 'a syndicate year of account.'" *See McAuslin*, 2000 WL 1059850, at *2 (citing John M. Sylvester & Roberta D. Anderson, *Is It Still Possible to Litigate Against Lloyd's in Federal Court?*, 34 TORT & INS. L.J. 1065, 1069 (1999)).

[23] *Id.*

[24] *Id.*

[25] Rec. Doc. 1 at 3 (citing Rec. Doc. 1-2 at 2).

[26] *Id.*

[27] *Id.*

[28] *Id.*

insurance market and that the individual and corporate members of Lloyd's are called "Names."[29] Because Lloyd's is an unincorporated group of underwriting members, Defendants assert that its citizenship is determined by the citizenship of its members.[30] Defendants assert that a representative of Lloyd's has examined the list of members subscribing to the policy at issue and that to the best of her knowledge, none of the participating members are located in Louisiana.[31] Thus, Defendants assert that the Court has original jurisdiction pursuant to 28 U.S.C. § 1332.[32]

**B.      *Plaintiffs' Arguments in Support of the Motion to Remand***

In their motion to remand, Plaintiffs assert that when underwriters, sometimes called "Names," subscribing to a policy held by Lloyd's are sued in or removed to federal court, the party asserting federal jurisdiction must establish that all underwriters are diverse from all adverse parties and that the claim against each individual underwriter meets the $75,000 amount in controversy requirement.[33] Plaintiffs contend that the requirements for federal jurisdiction are not apparent on the face of Plaintiffs' petition, because it does not allege the citizenship of each of the underwriters at Lloyd's, who are anonymous by their own design.[34] According to Plaintiffs, even assuming an award of the full policy limits of $1.3 million, the required amount in controversy requirement for each individual anonymous underwriter would not be met, because underwriters subscribing to Lloyd's policies typically number in the thousands.[35] Plaintiffs contend that the lack

---

[29] *Id.* (citing *Corfield v. Dallas Glenn Hills, LP*, 335 F.3d 853, 857–58 (5th Cir. 2003)).

[30] *Id.* at 3–4 (citing *McAuslin v. Grinell Corp.*, Nos. 97-775, 97-803, 2000 WL 1059850, at *2 (E.D. La. Aug. 1, 2000) (Vance, J.)).

[31] *Id.* at 4.

[32] *Id.*

[33] Rec. Doc. 6-1 at 5.

[34] *Id.* at 6 (citing Rec. Doc. 1 at 8; *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 859 (5th Cir. 2003)).

[35] *Id.* (citing *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1084 (11th Cir. 2010)).

of affirmative evidence to establish the jurisdictional threshold for each individual Name results in a lack of diversity jurisdiction.[36]

Plaintiffs next argue that Defendants have not alleged affirmative evidence demonstrating the individual citizenship of each of the Names.[37] Plaintiffs contend that the broad declaration by Defendants of the purported identities of the syndicates is for "the 2014 year," but that the time of removal was November 2016.[38] Plaintiffs further contend that the affidavit of the head of market services for Defendants is insufficient to establish the citizenship of each Name, because she simply states in the affidavit that to the best of her knowledge, none of the participating members are located in Louisiana.[39] Because it is impossible to conclude whether the Court has subject matter jurisdiction, Plaintiffs argue that the Court should remand this matter to state court.[40] Finally, Plaintiffs argue that the Court should award them attorneys' fees and costs, because Defendants have no objectively reasonable ground to believe that removal is legally proper in this case without an affirmative showing of citizenship and amount in controversy as to each member of the syndicate.[41] Plaintiffs also request that the Court certify its Order as immediately appealable if it should deny their motion to remand.[42]

---

[36] *Id.* at 7.

[37] *Id.*

[38] *Id.*

[39] *Id.* at 8 (citing Rec. Doc. 1-3).

[40] *Id.* at 9.

[41] *Id.* at 11.

[42] *Id.* at 12–13.

### C.   *Defendants' Supplemental Briefing on Diversity and the Amount in Controversy*

Defendants argue that at the time of removal, based on a construction cost estimate submitted to Defendants by Plaintiffs, Plaintiffs' damages total at least $286,708.37.[43] Defendants again note that Plaintiffs have also asserted claims for penalties and attorneys' fees under Louisiana law.[44] Defendants aver that Plaintiffs are all citizens of Louisiana for purposes of federal diversity jurisdiction, because they are all corporations that are incorporated in and have their principal places of business in Louisiana.[45] Defendants assert that Plaintiffs' insurance policy was issued in July of 2014, so the relevant question concerning Defendants' diversity is "whether any of the underwriting members who participated in those certain syndicates in July 2014 were citizens of Louisiana at the time of removal."[46]

Defendants note that the head of market services at Lloyd's found that no members of the insurance policy were shown as having an address in Louisiana and that to her knowledge, none of the participating members were located in Louisiana.[47] Because none of the members have addresses in Louisiana or are located in Louisiana, Defendants argue, none of the members who participated in the policy have a principal place of business in Louisiana.[48] Thus, Defendants argue that the members subscribing to the certificate are all foreign insurers who are completely diverse from Plaintiffs.[49]

---

[43] Rec. Doc. 8 at 2.

[44] *Id.*

[45] *Id.* at 3–4.

[46] *Id.* at 5.

[47] *Id.* (citing Rec. Doc. 1-3).

[48] *Id.* at 5–6.

[49] *Id.* at 6.

### III. Law and Analysis

*A.    Legal Standard*

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[50] A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[51] "When removal is based on diversity of citizenship, diversity must exist at the time of removal."[52] The removing party bears the burden of demonstrating that federal jurisdiction exists by a preponderance of the evidence.[53] Subject matter jurisdiction cannot be waived by the parties' conduct or consent.[54] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[55]

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[56] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[57]  A removing defendant's

---

[50] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[51] 28 U.S.C. § 1332(a)(1).

[52] *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3723 (1998 ed.)).

[53] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[54] *See Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991); *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985).

[55] 28 U.S.C. § 1447(c).

[56] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[57] *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[58] When the plaintiff alleges a damages figure in excess of the required amount in controversy, "that amount controls if made in good faith."[59] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[60]

Nevertheless, Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[61] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[62] A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[63] "[T]he [fact] that the removing party bears the burden of proving the amount in controversy does not mean that the removing party cannot ask the court to make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim."[64] "Removal, however, cannot simply be based on conclusory allegations."[65] The defendant

---

[58] *See Allen*, 63 F.3d at 1335.

[59] *Id*. (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[60] *Id.*

[61] *See* La. Code Civ. P. art. 893.

[62] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d at 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335.

[63] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[64] *Roberts v. Exxon Mobil Corp.*, No. 15-30920, 2015 WL 9592499, at *3 (5th Cir. Dec. 31, 2015).

[65] *See Allen*, 63 F.3d at 1335.

must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeded $75,000 at the time of removal.[66]

Although the Fifth Circuit has not expressly ruled on the issue, courts in the Eastern District of Louisiana and other circuit courts have found that when determining the diversity of citizenship of the parties in a case involving Lloyd's, the citizenship of all of the Names subscribing to a policy must be taken into consideration.[67] Moreover, a Fifth Circuit opinion and numerous decisions from the Eastern District of Louisiana affirm that the amount in controversy must be established as to each Name subscribing to the policy.[68]

---

[66] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[67] *See id.* at 864 (holding that an insured can sue a Name individually). *See also McAuslin*, 2000 WL 1059850, at *4 (reviewing cases and finding that "[t]he majority of courts that have addressed this issue have found that each Name must be diverse"); *Johnson v. Certain Underwriters at Lloyd's London*, No. 09-2495, 2009 WL 3232006, at * 3 (E.D. La. Oct. 2, 2009) (Berrigan, J.) (collecting cases and finding that the "majority view" is that the citizenship of all of the Names must be taken into consideration for purposes of diversity jurisdiction); *Certain Underwriters at Lloyd's London Subscribing to Policy Number B066421355A04 v. Washington, et al.*, No. 09-3195, 2009 WL 5215927, at *4 (E.D. La. Dec. 28, 2009) (Engelhardt, J.) ("[T]his Court agrees with . . . multiple other jurists of the Eastern District of Louisiana and other Circuit Courts that the citizenship of the Names, as the real parties to the controversy, must be considered for purposes of diversity of citizenship jurisdiction."); *Walle Bldg. Condominium Ass'n v. Certain Underwriters at Lloyd's London*, No. 07-4204, 2008 WL 4412250, at *3 (E.D. La. Sept. 18, 2008) (Lemmon, J.) (dismissing case for lack of subject matter jurisdiction where the plaintiff had failed to carry its buren of establishing that all of the Names subscribing to the policy were diverse); *E.R. Squibb & Sons, Inc. v. Accident Cas. Ins. Co.*, 160 F.3d 925, 939 (2d Cir. 1998) ("[E]ach and every Name whom the lead underwriter represents must be completely diverse."); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 319 (7th Cir. 1998) (holding that each Name must be diverse).

[68] *See Team One Props., LLC v. Certain Underwriters at Lloyd's London*, 281 Fed. App'x 323 (5th Cir. 2008) (upholding a district court's dismissal of an action against Lloyd's for lack of subject matter jurisdiction, stating that the district court found that the plaintiff "did not demonstrate that the amount in controversy against any completely diverse underwriter was in excess of the jurisdictional $75,000 exclusive of interests and costs"); *Rips, LLC v. Underwriters at Lloyd's London*, No. 14-1969, 2015 WL 2452339, at * 3 (E.D. La. May 21, 2015) (Berrigan, J.) (holding that plaintiff must plead that the jurisdictional minimum is met for each Name); *G&M Holding, Inc. v. Certain Underwriters at Lloyd's of London*, No. 07-4883, 2008 WL 215842, at * 2 (E.D. La. Jan. 23, 2008) (Barbier, J.) (dismissing for lack of subject matter jurisdiction after finding that "the Plaintiff has not asserted facts which would indicate that the amount in controversy is met as to all Names sued under the policy"); *Advanced Sleep Ctr., Inc. v. Certain Underwriters at Lloyd's London*, No. 14-592, 2015 WL 4097069, at *3 (E.D. La. July 7, 2015) (Morgan, J.) (finding that the amount in controversy requirement must be met as to each Name); *McAuslin*, 2000 WL 1059850, at * 4 (finding subject matter jurisdiction lacking because several Names were non-diverse and "all but one of the Names lack[ed] the requisite amount in controversy"). *See also Chase Manhattan Bank, N.A. v. Aldridge*, 906 F.Supp. 870, 874 (S.D.N.Y. 1995) (citing *Dendinger v. Maryland Cas. Co.*, 302 F.2d 850, 851 (5th Cir. 1962) (holding that the amounts claimed against each Name could not be aggregated because "when liability among defendants is several, a

*C.*     *Analysis*

In their motion, Plaintiffs argue that this case should be remanded because: (1) Defendants have not established complete diversity as to each Name; and (2) Defendants have not established the amount in controversy as to each Name subscribing to the policy at issue.[69] Defendants argue that there is complete diversity, because Plaintiffs are citizens of the state of Louisiana for purposes of diversity jurisdiction and none of the Names participating in the policy at issue are citizens of Louisiana.[70] Defendants further argue that the amount in controversy requirement is met, because an estimate submitted by Plaintiffs indicates that Plaintiffs' total claimed damages are at least $286,708.37.[71] The Court will first consider whether Defendants have established that the jurisdictional amount in controversy requirement is met in this case.

To support their contention that the amount in controversy requirement is met in this case, Defendants offer an affidavit from an insurance adjuster who estimates that Plaintiffs' damages total approximately $575,000 and that a total of $288,291.63 has been tendered to Plaintiffs in connection with the property damages at issue in this case.[72] According to Defendants, the amount in controversy is therefore at least $286,708.37, or the balance of the $575,000 in estimated damages less the previously tendered amount of $288, 291.63.[73] As the Court stated *supra*,

---

plaintiff cannot aggregate its claims against individual defendants in order to satisfy the jurisdictional amount . . . It must satisfy the jurisdictional amount with respect to each defendant.").

[69] Rec. Doc. 6-1 at 5, 7.

[70] Rec. Doc. 8 at 5–6.

[71] *Id.* at 2.

[72] Rec. Doc. 8-1 at 2.

[73] Rec. Doc. 8 at 2.

however, the amount in controversy requirement must be met as to each Name subscribing to the policy at issue.[74]

Although Defendants have offered evidence to demonstrate the extent of the total damage to Plaintiffs' property, Defendants have not offered any evidence to establish that the amount in controversy requirement has been met as to *each* Name subscribing to the policy.[75] The Court notes, for example, that the policy at issue has not been filed into the record before the Court. Therefore, the Court cannot determine how many Names are underwriters for the policy at issue or the proportion of risk for which each of the Names is responsible. As the Fifth Circuit has recognized, "[t]ypically hundreds of names will subscribe to a single policy, and the liability among the Names is several, not joint."[76]

As the removing parties, Defendants bear the burden of establishing jurisdiction by a preponderance of the evidence, and "[a]ny ambiguities are construed strictly against removal because the removal statute should be strictly construed in favor of remand."[77] Despite the requirement that Defendants prove that the amount in controversy is met as to each Name subscribing to the policy, Defendants have failed to prove that the jurisdictional amount in controversy is established with respect to any individual Name.[78] Thus, remand to state court is

---

[74] *See, e.g., McAuslin*, 2000 WL 1059850, at * 4 (finding subject matter jurisdiction lacking because several Names were non-diverse and "all but one of the names lack[ed] the requisite amount in controversy").

[75] *See Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961) (holding that "where a suit is brought against several defendants asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claim, and not their aggregate.") (internal citations omitted).

[76] *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 858 (5th Cir. 2003).

[77] *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[78] *See Team One Props., LLC v. Certain Underwriters at Lloyd's London*, 281 Fed. App'x 323 (5th Cir. 2008) (upholding a district court's dismissal of an action against Lloyd's for lack of subject matter jurisdiction, stating that the district court found that the plaintiff "did not demonstrate that the amount in controversy against any completely diverse underwriter was in excess of the jurisdictional $75,000 exclusive of interests and costs").

appropriate. Because Defendants have not provided sufficient evidence to establish that the amount in controversy requirement has been met with respect to each Name, the Court need not address whether complete diversity has been established.[79]

Finally, the Court notes that Plaintiffs request attorney's fees and costs, because according to Plaintiffs, there is no objectively reasonable basis for removal.[80] Pursuant to 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision to award attorney's fees under Section 1447(c) is in the sound discretion of the Court, and should "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."[81] Toward that end, the "mere determination that removal was improper" does not automatically entitle a plaintiff to an award of fees.[82] Rather, in the absence of "unusual circumstances," this Court may award attorney's fees under Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal."[83] Although the Court has found that Defendants have not meet their burden to establish the requisite amount in controversy as to each Name, it does not find that Defendants

---

[79] *See Johnson v. Certain Underwriters at Lloyd's London*, No. 09-2495, 2009 WL 3232006, at * 3 (E.D. La. Oct. 2, 2009) (Berrigan, J.) (dismissing case for lack of subject matter jurisdiction due to lack of complete diversity and declining to determine the existence of the jurisdictional minimum).

[80] Rec. Doc. 6-1 at 11.

[81] *Darville v. Tidewater Marine Serv., Inc.*, No. 15-6441, 2016 WL 1402837, at *8 (E.D. La. Apr. 11, 2016) (Brown, J.) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)).

[82] *Id.* (citing *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541–42 (5th Cir. 2012)).

[83] *Id.*

13

lacked an objectively reasonable basis for seeking removal. Accordingly, the Court will not award fees or costs here.[84]

## IV. Conclusion

Considering all of the evidence of the amount in controversy at the time that the notice of removal was filed, the Court finds that Defendants have put forth insufficient evidence to demonstrate by a preponderance of the evidence that the jurisdictional amount in controversy is established with respect to each Name. Therefore, the Court cannot determine whether it has subject matter jurisdiction, and remand to state court is proper.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion to Remand"[85] is **GRANTED IN PART** to the extent that the case is remanded to state court and **DENIED IN PART** to the extent that Plaintiffs request an award for costs and expenses, including attorney's fees.

**IT IS FURTHER ORDERED** that the case is remanded to the Civil District Court for Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 6th day of February, 2017.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[84] *See Certain Underwriters at Lloyd's London Subscribing to Policy No. B066421355A04 v. Washington*, No. 09-3195, 2009 WL 5215927, at * 5 (E.D. La. Dec. 28, 2009) (Engelhardt, J.) (dismissing case for lack of complete diversity but declining to award fees and costs).

[85] Rec. Doc. 6.

14